HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>MAXIE MOORE,<br><br>             Defendant. | Case No. CR09-239RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion to Suppress Evidence [Dkt. #16]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

The defendant moves to suppress evidence recovered from the search incident to his arrest of defendant's truck and of his wallet. Defendant argues the search violated the Fourth Amendment as recently interpreted by the Supreme Court in *Arizona v. Gant*, 129 U.S. 1710 (2009). In his motion the defendant does not challenge the facts of the search (except as to where the wallet was found), he instead argues the applicability of the law to the facts. Because all of the facts which establish probable cause are set forth in a sworn affidavit, the defendant is not entitled to an evidentiary hearing. *See e.g. United States v. Batiste*, 868 F.2d 1089, 1092 fn.5 (9th Cir. 1989).

## I. PRIOR PROCEEDINGS AND FACTUAL BACKGROUND

In March, 2001, the defendant was sentenced in this district to 71 months custody and three years supervised release in cause numbers CR99-5534JET and CR01-5089JET. His sentence was based upon his convictions for various offenses stemming from his obtaining and using false Social Security numbers and for failing to appear. After release from custody, Moore did not adjust well to supervision and his supervised release was revoked several times resulting in further time in custody. One of his many violations of his conditions resulted in his arrest which ultimately resulted in the new criminal case now before this Court.

On October 3, 2007, the defendant was sentenced to seven months in custody, 18 months of supervised release, and 180 days in a halfway house for violations of his conditions of supervised release. On April 10, 2008, Moore was released from FCI Sheridan, OR after serving the custodial portion of his sentence and directed by a Bureau of Prisons official to report that same day to a halfway house in Tacoma, WA. The defendant never reported to the halfway house and this Court issued a warrant for his arrest.

Special Agent Matthew Lavelle of the Social Security Administration's Office of Inspector General began searching for Moore. Special Agent Lavelle is also a member of the Pacific Northwest Fugitive Task Force.

According to Special Agent Lavelle's sworn affidavit in support of the Complaint in this matter, on September 4, 2008, Special Agent Lavelle and several other members of the Fugitive Task Force began surveillance on a residence in Kirkland, WA. Based on Special Agent Lavelle's investigation, the address of this residence was associated with an email account subscribed to by the defendant. During the surveillance of the residence, task force officers observed a small red Ford pickup truck parked next to the residence. Special Agent Lavelle witnessed the truck drive by him and believed the driver matched the physical characteristics of Moore. Special Agent Lavelle stopped the truck and the driver identified himself as "S.S." and produced a Washington State identification card with that name. Special Agent Lavelle compared the driver of the truck to a wanted poster for Moore and determined that the driver was Moore. The defendant was ordered out of the truck, arrested, handcuffed, and ordered to sit on the curb. While arresting the defendant on the violations warrant, Moore continued to deny being the defendant and

insisted he was S.S. He did, however, finally admit that he was wanted by U.S. Probation for violations of his supervised release.

During a search incident to arrest, Special Agent Lavelle recovered[1] a wallet containing a Social Security card, a Wells Fargo ATM card, a King County Metro transit card, and several other documents including a business card for a home repair and remodeling business, all in the name "S.S." Based on Special Agent Lavelle's training and experience, he knew that perpetrators of the crime of identity theft often keep documents and paperwork in their vehicles. Looking through the windows of the truck, Special Agent Lavelle saw a binder that appeared to contain numerous documents in the passenger seat. Special Agent Lavelle searched the cab of the vehicle and recovered the binder. The binder contained an Iowa birth certificate, a credit report, another Social Security card, and a temporary Washington State identification care, all in the name of "S.S." Also in the binder was a Bureau of Prisons printout for "S.D.S." that indicated "S.D.S." was an inmate at FCI Sheridan with a release date of December 10, 2028.

Based upon April, 2008 violations of supervised release, the defendant was sentenced on October 7, 2008 to 11 months in custody to be served consecutive to any sentence imposed on the new charges which are the subject of the Indictment now pending. The defendant was arrested on the Complaint in this matter on July 14, 2009 and the Indictment was returned on July 15, 2009. His current trial date is December 14, 2009.

## II. DISCUSSION

Moore argues that *Arizona v. Gant, supra*, controls in this case and, under that law, the search of his vehicle violated the Fourth Amendment. Because the search violated the Fourth Amendment, he contends, all evidence garnered therefrom should be suppressed. The defendant is correct that in *Arizona v. Gant* the Supreme Court revisited the issue of vehicle searches incident to arrest. The defendant is not correct, however, in arguing that the Court created a bright line rule that was violated in this case. The

---

[1] Defendant argues that it is unclear from the Complaint and Special Agent Lavelle's report from where the wallet was recovered. The Complaint says "during a search of the defendant's person" and the report says Lavelle "asked Deputy Knobbs to retrieve Moore's wallet." The defendant admits that if the wallet was recovered from Moore's person, the search was lawful. He argues however, that if the wallet was recovered from the truck, the contents should be suppressed. He requests an evidentiary hearing on this issue.

Because the Court concludes that the search of the truck did not violate the Fourth Amendment, it matters not where the wallet was found and no evidentiary hearing is required.

Court in *Gant* held:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies.

129 S. Ct. at 1723-24.

Moore argues that because he was handcuffed and sitting on the curb when his truck was searched he was not "within reaching distance of the passenger compartment at the time of the search." He further argues that because his "offense of arrest" was a probation violation for failing to report to the halfway house, an act of omission, no evidence of the crime of his arrest could be found in the vehicle. Moore's argument ignores the second sentence of the holding quoted above: "[w]hen these justifications are absent, a search of an arrestee's vehicle will be unreasonable <u>unless police</u> obtain a warrant or <u>show that another exception to the warrant requirement applies</u>." (emphasis added).

In explaining the holding, the Court reiterated that police may still search a vehicle for evidence of offenses other than the offense of arrest. *Id*., at 1721-22 (*citing United States v. Ross*, 456 U.S. 798 (1982)). Here, Special Agent Lavelle had probable cause to believe that Moore had committed the crime of identity theft. Moore handed him a Washington State identification card with another person's name on it, insisted he was that person, and was a fugitive evading an arrest warrant for failure to appear. The existence of probable cause is an exception to the warrant requirement, and thus the search of the defendant's truck was lawful. Defendant's Motion to Suppress [Dkt. #16] is **DENIED.**

**IT IS SO ORDERED.**

Dated this 26th day of October, 2009.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE